UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUIS JAVIER PEREZ-MONTIJO,

      Plaintiff,

v.                                        Hon. Jane M. Beckering

UNKNOWN GRAHAM, et al.,            Case No. 1:26-cv-885

      Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before me again pursuant to the Court's May 4, 2026 Order (ECF No. 18) dismissing the prior report and recommendation as moot and returning the matter to me to consider whether Plaintiff's amended complaint affects my prior recommendation that the matter be dismissed for failure to state a claim upon which relief can be granted. Having reviewed Plaintiff's First Amended Complaint (ECF No. 9) and supporting materials, I reach the same conclusion and recommend that the First Amended Complaint be **dismissed** for failure to state a claim.

The First Amended Complaint essentially repeats Plaintiff's previous allegations and adds nothing of substance that gives rise to a claim pursuant to 42 U.S.C. § 1983 for deprivation of Plaintiff's constitutional rights. Although Plaintiff adds allegations about the Montcalm County Sheriff's Department rejecting his 15-page dossier documenting Plaintiff's basis for his belief that a murder had been committed, he fails to allege a constitutional violation. As set forth more fully in the March 25, 2026 Report and Recommendation (ECF No. 8), which I incorporate herein by reference, Plaintiff fails to allege a Fourth Amendment violation, has no constitutional right to have Defendants investigate his allegations, has no constitutional right to file a police report, and has no constitutional right to have anyone else arrested or prosecuted for a crime. (ECF No. 8 at

PageID.39–40.) In addition, the Montcalm County Sheriff's Department dispatcher did not violate Plaintiff's constitutional rights by telling Plaintiff that they did not want the dirty bloody rotors he found in the back of his truck and that he could throw them away. Finally, Plaintiff fails to state a claim against Deputy Graham under the state-created danger doctrine for trespassing him from the gas station at the owner's request. With all due respect to Plaintiff, his suggestion that the 911 dispatcher could have lawfully created a perpetual "safe zone" for Plaintiff on private property, from which no person, including the owner, could eject him has no basis in law.

Finally, Plaintiff cites several Michigan statutes, some of which are criminal in nature. Plaintiff cannot premise a Section 1983 action on violations of those laws. *See Otworth v. Vanderploeg*, 61 F. App'x 163, 166 (6th Cir. 2003) (noting that "a violation of state law cannot support a cause of action under § 1983") (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978)); *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995) (Section 1983 does not provide redress for a violation of state law).

### Conclusion

For the foregoing reasons, I recommend that the Court dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief can be granted.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date:  May 18, 2026                          /s/ Sally J. Berens
                                             SALLY J. BERENS
                                             U.S. Magistrate Judge


**NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).